**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IVAN TODYRENCHUK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1243-J |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Ivan Todyrenchuk, a Ukrainian citizen, is currently in the custody of the United States Immigration and Customs Enforcement (ICE).  He has filed an Amended Petition for Writ of Habeas Corpus seeking immediate release (Pet.) [Doc. No. 6] and the matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Report and Recommendation recommending that the Court (1) grant the Petition in part and (2) order Respondents to immediately release Petitioner to the same conditions that governed his parole.  (Rep. & Rec.) [Doc. No. 13].  Respondents filed a timely objection (Obj.) [Doc. No. 14], triggering de novo review on the specific issue addressed therein.  *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).  Petitioner responded, encouraging the Court to adopt the Report and Recommendation.  [Doc. No. 15].

For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and DECLINED IN PART.

Petitioner entered the United States in February 2023 where he was admitted as a Ukrainian Humanitarian Parolee.  Petitioner's humanitarian parolee designation was later extended to February 2027.  However, in May 2026, ICE detained Petitioner and served him with a Notice to

Appear (NTA), charging him as removable.  Petitioner argues that (1) he has been denied statutory protections under 8 U.S.C. § 1254a because the Immigration Judge refused to hear the prima facia showing of Petitioner's Temporary Protected Status (TPS), (2) Respondents re-detained Petitioner "in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety risk or flight risk, in violation of due process," and (3) he has been unlawfully denied a meaningful bond hearing under the Immigration and Nationality Act (INA).  Pet. at 8-10.  The Petition also includes a cursory claim that his detention and removal violates "the APA."  *Id.* at 8.  The Court presumes Petitioner refers to the Administrative Procedures Act.

I.    **<u>Analysis</u>**

On review, Judge Mitchell concluded that (1) Petitioner's TPS and APA claims were not properly before the Court, (2) Petitioner's humanitarian parole termination did not automatically return him to mandatory detention under the INA, 8 U.S.C. § 1225(b)(1), and, (3) Respondents violated Petitioner's due process rights when they detained him while he was on humanitarian parole.  *See* Rep. & Rec. at 1-18.  As a remedy, Judge Mitchell recommended Petitioner's immediate release.  *See id.* at 18-20.

II.    **<u>Non-De Novo Review</u>**

No party objected to Judge Mitchell's first two conclusions.  *See* Obj. at 1-3; [Doc. No. 15].  Accordingly, the Report and Recommendation is ADOPTED IN PART as to those findings.[1]

---

[1] Even if the Court engaged in de novo review, it – like many other courts – has concluded that a termination of humanitarian parole does not automatically return the noncitizen to mandatory detention under 8 U.S.C. § 1225(b)(1).  *See Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560 (W.D. Okla. Apr. 7, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Francisco Arevalo Castillo v. Figueroa*, No. CIV-26-0162-HE, 2026 WL 1960937, at *1 (W.D. Okla. July 7, 2026).

**III.** <u>**De Novo Review**</u>

Respondents did object to Judge Mitchell's due process analysis and her proposed remedy. *See* Obj. at 1-2.  On de novo review, the Court DECLINES the Report and Recommendation on both points.

**A.**   **Procedural Due Process**

Turning first to Petitioner's procedural due process claim, he alleges that Respondents' decision to re-detain him was made in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety or flight risk. *See supra* at 2.  Judge Mitchell construed this allegation as claiming that "ICE violated the INA and due process rights when it arbitrarily revoked his humanitarian parole."  Rep. & Rec. and 10.  But the Court does not agree that Petitioner is challenging *the process* surrounding his *parole termination.*  Instead, Petitioner is referring to the alleged denial of due process through detention without a *bond hearing.  See* [Doc. No. 11] ("In the Amended Petition, Petitioner openly admits that the government has discretion to detain individuals and revoke custody, and only states that the *detention* must comport with due process." (emphasis added)); *see also* Pet. at 9 (complaining that the re-detention was not based on a hearing wherein he was found to be a safety or flight risk); (alleging he has been denied a meaningful bond hearing); (arguing "not allowing a bond hearing and his placement in removal proceedings . . . is causing irreparable harm").  Thus, the only due process claim the Court finds in the Petition is duplicative of Petitioner's argument that he is entitled to a bond hearing under the INA.[2]  Finding that he is, *see infra* at 4-5, the Court does not address the related due process claim and thus DECLINES this portion of the Report and Recommendation.

---

[2] Even if Petitioner is intending to challenge his parole termination specifically, the Court finds no avenue for relief.  Under 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5(a), humanitarian parole may be revoked on a discretionary basis, and courts have agreed that presentation of a charging

B.    **Remedy**

Having declined Judge Mitchell's conclusion that Respondents violated Petitioner's due process rights, the Court also rejects the recommendation that Petitioner be released immediately. Petitioner was paroled into the United States, permitted to reside in the interior, and complied with the conditions of his release before being re-detained. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of 8 U.S.C. § 1226(a)." *Rebolledo v. Figueroa, et al.*, No. CIV-26-958-J, 2026 WL 2138027, at *2 (W.D. Okla. July 24, 2026) (citing *Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." (cleaned up))). Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is not immediate release, but an individualized bond

---

document – like a NTA – constitutes proper notice that an official has terminated an alien's humanitarian parole. *See Ihor B. v. Regalado*, No. 26-CV-420-JDR-SH, 2026 WL 2043198, at *6 (N.D. Okla. July 15, 2026) ("Petitioner alleges an ICE officer served him with an NTA when he was detained. Petitioner therefore received written notice of DHS's intent to terminate his parole and its decision that his continued lawful presence was no longer warranted."); *Avila v. Noem*, No. 1:26-CV-00319-SKC, 2026 WL 1552507, at *2 (D. Colo. Feb. 13, 2026) (holding "an NTA can terminate parole" and citing § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.") and § 244.1 (defining the term "charging document" to include a "Notice to Appear")). Moreover, Petitioner was not entitled to a parole termination hearing at which his safety and flight risks were assessed. Instead, parole may be terminated upon accomplishment of the purpose for which parole was authorized or when, in the discretionary opinion of one of the officials listed in § 212(a), neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States. *See* § 212.5(e)(2).

hearing before an Immigration Judge exercising jurisdiction under § 1226(a).  *Rebolledo*, 2026 WL 2138027, at *2; *Zhakhonov*, 2026 WL 1865418, at *3.

**IV.**    **Conclusion**

For the reasons discussed above, the Report and Recommendation [Doc. No. 13] is ADOPTED IN PART and the Court GRANTS IN PART Petitioner's Petition for Writ of Habeas Corpus to the extent it alleges that Petitioner did not automatically return to mandatory detention status under § 1225(b)(1) upon his parole termination.  The Report and Recommendation is also ADOPTED IN PART and the Petition DENIED IN PART to the extent Petitioner relies on his TSP or APA claims for relief.  However, the Report and Recommendation is DECLINED IN PART as the Court declines to grant relief on Petitioner's due process claim and concludes that the proper remedy is a bond hearing under 8 U.S.C. § 1226(a) and not immediate release.

Respondents shall provide Petitioner with a bond hearing pursuant to § 1226(a) within seven business days or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 29th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE